UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:20-cr-80-Orl-37DCI

PETRA GOMEZ

### CORRECTED NOTICE OF ELEMENTS OF OFFENSE, PENALTIES, FACTUAL BASIS AND PERSONALIZATION OF ELEMENTS

The United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, hereby files this Notice of Elements of Offenses, Penalties, Factual Basis and Personalization of Elements, stating as follows:

### ELEMENTS OF THE OFFENSES

The defendant is pleading guilty to Counts One and Two of the Indictment. Count One charges the defendant with conspiracy to defraud the United States, Department of the Treasury, Internal Revenue Service with respect to claims, in violation of 18 U.S.C. § 286. Count Two charges the defendant with Tax Evasion, in violation of 26 U.S.C. § 7201.

The elements of Count One are:

First: Two or more people in some way agreed to try to accomplish a shared and unlawful plan;

Second: The Defendant knew the unlawful purpose of the plan and willfully joined in it; and

> Third: The plan was to defraud the government by obtaining the payment or allowance of a claim based on a false or fraudulent material fact.

The elements of Count Two are:

> First: The Defendant owed substantial income tax in addition to the amount declared on her tax return;
>
> Second: The Defendant knew when she filed that income tax return she owned substantially more taxes than the amount reported on her return; and
>
> Third: The Defendant intended to evade paying taxes she knew she was required by law to pay.

## **PENALTIES**

The penalty for the offense charged in Count One of the Indictment is a maximum sentence of 10 years' imprisonment, a fine of not more than $250,000, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, a term of supervised release of not more than three years, and a special assessment of $100.

The penalty for the offense charged in Count Two of the Indictment is a maximum sentence of five years' imprisonment, a fine of not more than $100,000, a term of supervised release of not more than three years, and a special assessment of $100.

As to both offenses, the defendant shall be required to make full restitution to the U.S. Department of the Treasury, Internal Revenue Service.

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## FACTUAL BASIS

### COUNT ONE

Beginning on an unknown date, but at least by in or about January 2012, and continuing through at least June 2016, in the Middle District of Florida and elsewhere, the defendant, Petra GOMEZ, conspired with her sister, Jakeline Lumucso (Lumucso) and others, to defraud the Internal Revenue Service ("IRS"), by submitting false tax returns to obtain fraudulent tax refunds through GOMEZ's business, Universal Tax and its related entities. GOMEZ and Lumucso prepared and caused others to prepare false tax returns by using the unauthorized personal information of previous tax clients and submitting false wage, income, dependent and other material information on the returns to obtain fraudulent tax refunds. GOMEZ knew the unlawful purpose of the plan and voluntarily joined in it.

GOMEZ was the sole owner of Universal Tax, LLC, also known as Universal Tax Latino, LLC, a tax preparation business she established in 2010 as a sole member LLC. Lumucso managed the day-to-day operations of

Universal Tax and acted at the direction of GOMEZ.  Initially, GOMEZ operated Universal Tax from an office located at 12315 West Colonial Drive, Winter Garden.  In or about 2011, GOMEZ opened three more offices located at (1) 851 State Road 436, Suite 1023, Altamonte Springs; (2) 5805 South Orange Blossom Trail, Orlando; and (3) 6412 West Colonial Drive, Orlando.  GOMEZ also briefly operated an office in Tampa, Florida.  GOMEZ and Lumucso hired individuals to prepare tax returns at each of the locations.  GOMEZ instructed Lumucso to hire individuals who had no tax preparation experience and who spoke Spanish.

GOMEZ and Lumucso obtained Electronic Filing Identification Numbers ("EFIN") from the IRS for each of Universal Tax's office locations, which authorized Universal Tax to participate in the IRS's e-file program and electronically file tax returns from each of its locations.  GOMEZ marketed Universal Tax to the Latino community, and many of her tax clients were undocumented and nonresident aliens.  GOMEZ also traveled to agricultural farms in Georgia and Florida and prepared false tax returns for foreign workers, which she filed through Universal Tax.  In addition to preparing tax returns, GOMEZ and Lumucso also prepared and caused others to prepare and submit applications for Individual Taxpayer Identification Numbers ("ITIN") to the IRS.  An ITIN was a processing number that enabled

undocumented and nonresident aliens who worked in the United States to file tax returns and obtain tax refunds. The ITIN was a unique nine-digit number with the format 9xx-xx-xxxx. GOMEZ and Lumucso submitted and caused others to submit false utility and other residency documents to the IRS to obtain ITINs for their clients, and to place those documents in their clients' folders to use for a potential IRS audit.

GOMEZ charged about $50 to prepare an ITIN application and approximately $300 to prepare a tax return. On Universal Tax's Facebook page and on signage outside of her offices, GOMEZ advertised "100% Refund Guarantee." GOMEZ and Lumucso placed instruction sheets at each of the computers in the offices containing income amounts, exemptions and credits that could be added to a tax return to generate a refund, such as dependents.

Beginning in about 2012, GOMEZ and Lumucso also instructed employees to file fraudulent tax returns using the personal information of previous Universal Tax clients without their consent. GOMEZ instructed preparers to submit the false returns when the IRS filing season opened, and provided them with false wage information, W-2s, identification documents and dependent information to use on the returns to generate tax refunds. GOMEZ directed employees to use the names and ITINs of previous clients without their consent on the returns, believing that many of the clients had

either returned to their native Countries or were transient and had moved. If one of these clients returned to have Universal Tax prepare a tax return, GOMEZ and Lumucso instructed the preparers to lie to the client and state that a return had already been prepared and filed due to a computer glitch, or to pretend to prepare a tax return while the client waited. At times, and through 2016, GOMEZ gave preparers foreign identification documents and ITINs and asked them to prepare tax returns using only that information. GOMEZ directed the preparers to play with the numbers to ensure that the returns generated refunds.

GOMEZ processed tax refunds through a third-party processor, and Lumucso at times was responsible for printing the tax refund checks, after the IRS notified the processor that the IRS had issued the refund. The processor deducted Universal Tax's tax preparation fee from the refund and deposited the refunds into Universal Tax's business account. Lumucso and others placed the fraudulently obtained refund checks in lock boxes, and GOMEZ and other unindicted co-conspirators fraudulently cashed the unclaimed refund checks at check cashing businesses located in Ocala and other areas in central Florida.

On January 27, 2014, Universal Tax filed a false 2013 tax return using M.G.'s name and ITIN without M.G.'s consent. Previously, Universal Tax

prepared M.G.'s 2011 tax return, but M.G. went to a different preparer to have M.G.'s 2013 tax return prepared. The IRS rejected the return, because Universal Tax had already filed a 2013 tax return using M.G.'s personal information without M.G.'s consent. M.G. confirmed that her name and ITIN were correct on the return, but the wage information and W-2 attached to the return were false.

Similarly, on February 7, 2014, Universal Tax filed a false joint 2013 tax return using the personal information belonging to G.C. and N.G. without their consent. Lumucso was listed as the preparer on the return and it was filed from the Winter Garden office. The victims previously had their 2011 and 2012 tax returns prepared at Universal Tax, but decided not to have Universal Tax prepare their 2013 tax return, because the IRS flagged their 2012 tax return as false. G.C. and N.G. confirmed that their names and ITIN were correct on the 2013 return, but the W-2 and wage information on the return were false.

On January 28, 2014, GOMEZ prepared and filed a false 2013 tax return using the personal information belonging to J.P., who lived in Georgia. GOMEZ filed the return from the Winter Garden office. GOMEZ previously prepared J.P.'s 2012 tax return when she traveled to Georgia to prepare returns. J.P. learned about the false return when J.P. attempted to file his

2013 tax return prepared by a different preparer and the IRS advised him that a 2013 return had already been filed. J.P. confirmed that his name and ITIN were correct on the 2013 return, but the wage and dependent information on the 2013 return that GOMEZ filed were false and that the W-2 attached to the 2013 return was false.  J.P. notified the state police, who then notified the IRS.

On or about April 22, 2014, the IRS notified GOMEZ that it had suspended GOMEZ and Universal Tax from participating in the IRS's e-file program for filing fraudulent tax returns and revoked Universal Tax's EFINs. Thereafter, in or about May 2014, in order to defraud the IRS, GOMEZ and Lumucso changed Universal Tax's name to Universal Financial, Inc., and listed Universal Tax's Winter Garden office as Universal Financial's principal address with the State of Florida.  Between in or about June 2014, and in or about July 2014, Lumucso and GOMEZ obtained EFINs for Universal Tax's office locations using the name Universal Financial, Inc.  Lumucso listed herself as the principal of the business and the primary contact on the EFIN application.  GOMEZ and Lumucso continued to operate Universal Tax and e-file or cause others to e-file false tax returns to the IRS using Universal Financial's EFINs.

In or about October 2015, the IRS suspended Lumucso and Universal Financial, Inc., from participating in the IRS's e-file program and revoked

Universal Financial's EFINs due to fraud.  In order to defraud the IRS, on or about October 26, 2015, GOMEZ and Lumucso incorporated Resurrection Tax, Inc., a shell corporation, in the name of GOMEZ's daughter, and listed Universal Tax's Winter Garden office address as Resurrection Tax's principal address with the State of Florida.  On or about November 5, 2015, GOMEZ and Lumucso, applied for, and obtained an EFIN for Universal Tax's Winter Garden office in the name Resurrection Tax, Inc.  GOMEZ and Lumucso listed GOMEZ'S daughter as the principal of the business and the primary contact on the EFIN application and continued to e-file or cause others to e-file false tax returns to the IRS using Resurrection Tax's EFIN.

On or about October 26, 2015, GOMEZ and Lumucso incorporated Living Faith Tax, Inc., a shell corporation, in the name of one of Universal Tax's employees, and listed Universal Tax's South Orange Blossom Trail office address as Living Faith Tax's principal address with the State of Florida.  On or about November 3, 2015, GOMEZ and Lumucso applied for, and obtained an EFIN for Universal Tax's South Orange Blossom Trail office in the name Living Faith Tax, Inc.  GOMEZ and Lumucso listed the employee as the principal of the business and the primary contact on the EFIN application, and continued to e-file or cause others to e-file tax returns using Living Faith Tax's EFIN.

9

On or about October 27, 2015, GOMEZ and Lumucso incorporated Living Hope Tax, Inc., a shell corporation, using the name of GOMEZ's then son-in-law, and listed Universal Tax's Altamonte Springs office address as Living Hope Tax's principal address with the State of Florida. On or about November 6, 2015, GOMEZ and Lumucso applied for, and obtained an EFIN for Universal Tax's Altamonte Springs office in the name of Living Hope Tax, Inc. GOMEZ and Lumucso listed GOMEZ'S son-in-law as the principal of the business and the primary contact on the EFIN application and continued to e-file or cause others to e-file tax returns using Living Hope Tax's EFIN.

GOMEZ and Lumucso, through Universal Tax and its related entities, submitted or caused the submission of at least 7234 false tax returns claiming tax refunds to the IRS. The fraud loss is more than $9.5 million and less than $25 million dollars.

GOMEZ used the proceeds to fund a lavish lifestyle, including purchasing vehicles, jewelry, and vacations. In addition, during the period 2013 and 2014, GOMEZ built luxury homes for herself and for Lumucso and paid more than $1.3 million in cash for her home and more than $800,000 for Lumucso's home. GOMEZ also previously paid Lumucso about $250,000 in commissions.

**COUNT TWO**

From in or about March 2014 through on or about April 15, 2015, in the Middle District of Florida, GOMEZ willfully attempted to evade and defeat a substantial part of the income tax due and owing by her to the United States for calendar year 2014 by (1) filing a false 2014 joint U.S. individual tax return, (2) failing to file a tax return by April 15, 2015, following the IRS's rejection of her return; (3) concealing the sources and amounts of her true and correct income by diverting funds from Universal Tax to obtain cashier's checks to pay for two luxury, custom-built houses; and (4) concealing the sources and amounts of her true and correct income by placing her assets in the name of a nominee.

Specifically, in or about April 2015, GOMEZ authorized Lumucso to electronically file her 2014 joint U.S. individual tax return. On the return, GOMEZ falsely reported that she had received total income of $213,434, when she knew that she had received income of at least $1,110,508. The IRS immediately rejected the return because it included a mismatched or duplicate social security number. After the IRS rejected the return, GOMEZ did not file another return. Gomez also did not file a return for Universal Tax.

GOMEZ earned substantially more income than what she reported on her rejected 2014 tax return. Specifically, in 2014, Gomez diverted funds from

Universal Tax and used the funds to purchase cashier checks to pay for two luxury, custom built houses.

On March 2, 2013, GOMEZ executed an Agreement of Sale with a custom homebuilder for the construction of a house for herself and Lumucso. GOMEZ made all of the decisions regarding her house, including choosing the upgrades and design, and lived in the house when it was completed. The final sales price of GOMEZ's house was $1,356,561, and the final sales price for Lumucso's house was $1,014,092.

The builder required GOMEZ to provide proof of income. Toward that end, GOMEZ submitted an application stating that she earned over $1 million per year. She also submitted a falsified bank statement from her personal Regions bank account 1906. The numbers on the statement were altered to show a beginning balance of $2,206,407.17, when the actual statement showed a balance of $2,829.17. The numbers for the ending balance and average monthly balance were also altered, along with a few deposits.

During 2013 and 2014, Gomez withdrew and caused others to withdraw funds from Universal Tax's bank account and used the funds to pay for both houses. In 2014, she purchased or caused others to purchase three cashier's checks using funds from Universal Tax totaling $429,688, and tendered the checks as final payment for her house. Similarly, in 2014, she

purchased or caused others to purchase four cashier's checks, totaling $680,820 using funds from Universal Tax, and tendered the checks as payment for Lumucso's house. GOMEZ admitted during an interview that she purchased the house for Lumucso as a gift.

GOMEZ did not report this income on her 2014 return, and following the IRS's rejection of the return, did not file another 2014 return and report the income to the IRS.  To further evade the assessment and payment of her taxes, GOMEZ titled the house in the name of her then 19-year-old daughter, and recorded the warranty deed in the public record.  In 2014, GOMEZ also purchased a Puma Travel Trailer and titled it in the name of her 19-year-old daughter.

The tax due and owing for 2014 is $510,999, excluding interest and penalties.

## PERSONALIZATION OF ELEMENTS

### COUNT ONE

<u>First</u>:    Did you agree with Jakeline Lumucso and others to try to accomplish a shared and unlawful plan?

<u>Second</u>:    Did you know the unlawful purpose of the plan and willfully join in it?

<u>Third</u>:    Was the plan to submit false and fraudulent tax returns to the IRS to obtain fraudulent tax refunds?

## **COUNT TWO**

First: Did you owe substantial income tax in addition to the amount declared on your rejected joint 2014 U.S. individual income tax return, Form 1040?

Second: Did you know that when you filed or caused the filing of that income tax return you owed substantially more taxes than the amount reported on that rejected return?

Third: Thereafter, did you fail to file a 2014 U.S. individual income tax return, Form 1040?

Fourth: Did you intend to evade paying taxes you knew you were required by law to pay.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: */s/ Karen L. Gable*
KAREN L. GABLE
Assistant United States Attorney
AUSA No. 025
400 West Washington Street, Suite 3100
Orlando, Florida  32801
Telephone:  (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:       karen.gable@usdoj.gov

U.S. v. PETRA GOMEZ                    Case No. 6:20-cr-80-Orl-37DCI

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Vince A. Citro, Esq.

                                      */s/ Karen L. Gable*
                                      KAREN L. GABLE
                                      Assistant United States Attorney
                                      AUSA No. 025
                                      400 West Washington Street, Suite 3100
                                      Orlando, Florida  32801
                                      Telephone:  (407) 648-7500
                                      Facsimile:  (407) 648-7643
                                      E-mail:       karen.gable@usdoj.gov